When you're ready. May it please the court, my name is Barry Morris and I'm representing Keith Ford in his appeal from a conviction of murder. There are two issues in the case and I'm going to start with the presumption of innocence issue but if the court wants me to focus on the other, I'll be happy to do that. The prosecutor, just before the jury retired to deliberate, the prosecutor told the jury Mr. Ford has had a fair trial. We were here for three weeks where he gets to course examine witnesses. Also an opportunity to present information through his lawyer. He had a fair trial. The system is not perfect but he had a fair opportunity and a fair trial. He's not presumed innocent anymore. That's not the law. And then he says it again. Oh yeah, I'm sorry. I left out the first. He says it at the beginning and then he said it at the end of that little paragraph. Then there's an objection. The judge overrules the objection and then how does he begin after the judge is overruled? Oh gosh, I just looked at that. May I have one moment, Your Honor? I'm sorry. I just was looking at that. Oh. The objection overruled. You know, I've, gosh, you know, I don't have. Don't worry about it. Well, what he does is he begins by saying, okay, I was right. Those were not the precise words but he starts out in a way of saying, yeah, yeah. In essence, yes. And what that does is that converts that into an instruction. When a judge, you know, when there's an objection. Well, but the judge issued an instruction to the jury later, right, that included. I mean, I just want to be clear. I think there is some concerns about what the prosecutor did here. But the judge did put forward an instruction that included the presumption of innocence in it. Yes, at the beginning of the trial, at the beginning of instructions. Right. And I'm reading that instruction. A defendant in a criminal case is presumed to be innocent. This presumption requires that the people prove a defendant guilty beyond a reasonable doubt. Right. That's. Not say, and the presumption lasts until X. He just says there is a presumption. Right. And if I were a juror, having listened to the exchange in open court, what the prosecutor says, presumption, it did exist, but it's gone now. And he says it twice. There's an objection and the judge overrules the objection. This written instruction that I just read to you, which does not speak to when the presumption disappears, doesn't do very much work to correct the misimpression. Not at all. The court's absolutely correct. Can I ask just procedurally, though? Sure. This is an issue where a certificate of appeal was not granted, right? So we have to review this for, you know, is there a substantial showing of the denial of a constitutional right? Well, you guys granted. Excuse me. The court granted. Well, I think we asked for additional briefing on it. Oh. Okay. I'm assuming that issue is settled. So then let me ask the next question. Where's the denial of the constitutional? Where's the clear denial of a constitutional right here, even if this was a problem? The presumption of innocence is, say, second place to the beyond the reasonable doubt standard. But it's really important because your average juror comes in and sees the defendant sitting at the defense table and their first question that runs through their mind is, what did he do? Why is he here? The presumption of innocence focuses the jury's attention on the fact that they're supposed to listen to the evidence before they make up their mind. No, I understand all that. I give you all that. Where is the – what case – as I understand it, we've got to have a Supreme Court case that this is clearly inconsistent with. What is that Supreme Court case that this is clearly inconsistent with? Okay, well, there are two of them. One of them is municipal court – Martinez v. Court of Appeal. And the other one is Portundo v. Agard, where the court says that the presumption of innocence goes through the case until the jury finds him guilty. So it's an unless and until standard that he is presumed innocent unless the government overcomes the presumption of innocence and then proves beyond a reasonable doubt on each element that he's guilty, right? Right. So is this structural error? Well, I think it should be. I don't think that the high court has said that yet, but I think it should be. Because it's – you know, how do you evaluate? The reason that the – an error in the – in a reasonable doubt standard is structural is that there's no way to figure out what its impact was. If the judge misinstructs on an element of a burglary, well, there was plenty of evidence. So even if it was misinstructed, maybe it was harmless because they found it. But with the presumption of innocence, there's no way of telling, you know, what its precise effect was. So, you know, from my opinion, it should be structural. Is there a Supreme Court precedent that says that? No. But on the other hand, it's almost structural because you have to use the same kind of analysis to figure out what happened. Yeah. On the assumption that it's not structural – this is an assumption – but that we've got to prove that it is some fashion harmful, the Court of Appeals says even if error, not harmful. Tell me why we should conclude that this was not a harmless error. Well, two – several reasons. First of all, this was a circumstantial evidence case. Now, circumstantial evidence, just as good as direct evidence. But it is different because circumstantial evidence implies that there are circumstances that are subject to varied interpretations. So the presumption of innocence focuses the jury on, you know, the burden of proof and whether or not the prosecution has satisfied that burden. In this particular case, it's clear – I mean, I didn't – I didn't address the first issue particularly because it's bizarre. But apparently the jurors were not convinced that the defendant was the shooter. We've clearly got some sort of a compromise verdict. The jury's nervous about this. They debate for four days. They come in with a murder conviction without the firearm, even though it's clear that the murder was committed with a firearm. Exactly. I mean, so it's an odd verdict. It's an inconsistent verdict. That's not a reason to set aside the murder verdict in itself. But it suggests that the jury thought this was a close case. Yes, exactly. But look at the evidence against him. The evidence against him, I'm going to summarize just the little bits and pieces of it. There's a palm print that matches his left palm just below the window of the vehicle of the victim. He is caught before we even know who he is in a white car with a number of stolen cell phones. Well, for whatever it's worth, white cars were about 30% of the market. No, I get that. And the jury thought the evidence was thinner. They would have come in sooner than four days. We have the recorded telephone calls in the jail, the first of which seems to me the more difficult for him when he says, well, I'm sure glad they... Paraphrasing, I'm sorry it went down that way. I'm glad I'm not in here for murder. If this were a sufficiency of the evidence case, he loses. I'd lose. He loses. There is enough evidence on which to convict him. I'm not arguing that there isn't. What I am saying is that we don't know that that's the way the jury viewed the evidence because the presumption of innocence directs their attention to is there enough evidence. We just don't know. So one of the questions, it's interesting because the four days and the deadlock jury sort of cuts both ways. Four days they're in the jury room sort of gives some distance between what the prosecutor said. So I think on the one hand you could look at that and say, well, now they were really focused on the evidence. That's what they were focused on. On the other hand, it also suggests that they were struggling with this. How close do we need to find that one of the jurors actually relied on this misstatement to be able to give your... We have no way of knowing that. But the really key prejudicial element of this is that it was a de facto instruction. We can't have our judges... You say it's a de facto instruction. Where is, what's your case law for that? I understand that this might be wrong, but I'm not sure I'm willing to go to say that it's a de facto instruction. Well, first of all, it's a practical matter. If someone says he's doing something wrong and the judge says no, he's not doing anything wrong, that's the judge approving what the prosecutor said that was wrong. So regardless of what you call it, that's the effect of an instruction because the judge says no, the prosecutor is right. There are cases, they're in my brief, that I don't know if signing them right now would help very much, but it's there. But the important thing is that this undercuts the validity of everything that the jury decided because I do trials as well as appeals, and I know that jurors come in and the first thing they do is they're looking at the defendant and they're trying to figure out what it is he did and why he's here. The presumption of innocence says, wait a second, you're not supposed to make any decisions on whether or not he's guilty or not until you get into the jury room. So to tell the jury that the presumption of innocence is over basically says, well, we don't have to go very much further because, you know, we can decide now. True. We got it. We've taken you to the end of your time. Let's hear from the other side, but we'll give you a chance to respond. Okay, sure. Thank you very much. Good morning, Your Honors. May it please the Court. Kristen Liska from the California Attorney General's Office. I want to pick up where Judge Nelson just previously asked my friend on the other side, which is that the question here is not whether or not the prosecutor misstated the law alone. The question is whether or not the state court was unreasonable to find that any misstatement was not a constitutional violation. So do you agree that the prosecutor misstated the law? No, Your Honor, I don't. Whoa, wait a minute. The presumption of innocence is over at the conclusion of the state's evidence? That is the law, Your Honor, but the statement the prosecution made— Well, that's not the law I was raised on. No, I'm sorry, Your Honor. I misspoke. The presumption of innocence does remain in effect until the jury reaches the verdict and finds guilt beyond a reasonable doubt. Okay, so the prosecutor did misstate the law. No, Your Honor. The statement needs to be looked at in the context of the entire argument that the prosecutor was making. Well, wait a minute. What the prosecutor said is, we heard the evidence. The presumption of innocence is over. That's what he said. And you're saying that that's a proper statement of the law? I'm sort of taken by your contextual argument because I think we are sort of nitpicking. I'd like to hear it because I thought your brief was pretty compelling on this. When you read in the whole context, I'm not so sure that the prosecutor was actually saying, as of the moment that I say these words, the presumption of innocence is gone. He seemed to be suggesting, I've proven this to you, and once I've proven this to you, the presumption of innocence is gone. I don't know if that's what your argument is, but I'd be interested in hearing what you have to say. Yes, it is, Judge Nelson. If you look at the entire context, the statement comes after the prosecutor had just summarized the evidence, after back and forth with the defense counsel about what does the evidence show, what conclusions can the jury draw from the evidence, what inferences to take, a back and forth on what reasonable doubt means. And especially if you look to the language right around this particular statement, just a few lines before it, he tells the jury that he had, quote, provided it with all the information that you need to feel the abiding conviction in the truth of these charges. That's on page 83 of the further excerpts of record, which quotes the language from the reasonable doubt instruction the jury had received. He then again reminds the jury of his burden to prove beyond reasonable doubt at the top of 84 of the further excerpts of records. Right after this statement, he tells the jury that real work begins, that it needs to go look at the information you have before you, look at all of the evidence, and that that evidence shows that the defendant is guilty of murder. Well, doesn't he have to overcome the presumption of innocence? He does by proving beyond reasonable doubt. But then he just ignores that and tells the jury that presumption is no longer here. I would disagree, Your Honor. I think he's quite aware that it is his burden and that his burden is proof beyond a reasonable doubt. He says earlier in the rebuttal. But that's not the issue, is it? I mean, he certainly has to prove the case beyond a reasonable doubt, but he also has to overcome the presumption of innocence. And when he says, I approve the second step, so disregard the first step. Isn't that problematic? If the prosecution meets its burden and proves beyond reasonable doubt, that does overcome or rebut the presumption of innocence. I know, but isn't that why the jury actually is given the case with the presumption of innocence? Yes, Your Honor. But the argument he's making here is that he had overcome that presumption because he had met his burden of proof. He had rebutted the presumption. I don't think that's what he argued in the record, is it? Again, if the statement is placed in context. Did he argue that in the record? He says several times. He didn't say I have proven beyond a reasonable doubt that the presumption of innocence is overcome. And I've also proved each of the elements of this offense beyond a reasonable doubt. I don't have all of the citations in front of me, Your Honor. We cite several passages from both his closing and his rebuttal where he repeatedly says it's his burden to prove beyond reasonable doubt and that he has met that burden. But here's the statement he makes before it, and it's not conclusive. He says, and before this trial started, you were told there is a presumption of innocence, and that is true. But once the evidence is complete, once you've heard this case, once that case has been proven to you, and that's the stage we're at now, the case has been proved to you beyond any reasonable doubt. And then he says, I mean, it's overwhelming. There is no more presumption of innocence. And at best it seems questionable. At worst it seems just a wrong statement of law because he does dance around this, and there's kind of evidence you can take for both sides of this. One is he's saying at the stage we're at now, which is in closing arguments, and you would agree that the presumption of innocence is not gone during closing arguments, right? As a matter of state and federal law, yes. That's what you would agree to, but that's not necessarily what he said. Well, and yeah, but then he also says, and that's the stage we're at now, the case has been proved to you beyond any reasonable doubt. I mean, it's overwhelming. So he seems to be suggesting at one hand he's saying at this time the presumption is gone, but he also seems to be saying it's not gone until I prove it beyond a reasonable doubt, and I just did that for you, and so therefore once I've proven it beyond a reasonable doubt, it's gone. So it's confusing, I think. But how do we take that?  Why is he jumping up and down on such thin ice in a case like this? Look, I certainly agree that the language that he used was definitely not advisable, and we would not recommend to a prosecutor that it use this kind of language because it can pose a risk of the prosecution going too far inadvertently. But just stepping back, again, the question is whether or not the state court was unreasonable in concluding that there was no constitutional violation here. So even if this is read as a misstatement of the law, which, again, we think it's fairly read as a permissible argument, admittedly a very inarticulately made and very imprecisely made permissible argument, the state court was not unreasonable to find that there was no due process violation, that any misstatement did not rise to the level that it so infected the trial with unfairness to make a denial of due process, which is the standard. These are two, a couple stray lines, and an 80-plus page closing. The prosecution repeatedly said it was his burden, that the burden is proof beyond reasonable doubt. He says in rebuttal that the defense does not need to bring any evidence forward. He embraces his burden. He's not trying to confuse or mislead the jury intentionally here. And given that the jury was properly instructed, no one has argued the jury's instructions on presumption of innocence or reasonable doubt were invalid under the law. They had those instructions with it in the jury room. It was told to follow those instructions above and beyond. But to Judge Fletcher's point, those instructions didn't necessarily address the – it didn't correct – if you assume that he said the presumption of innocence is over right now during my closing argument, the jury instruction didn't seem to correct that. Well, the jury instruction does say that the defendant is presumed to be innocent, and it requires that people prove a defendant beyond a reasonable doubt. And Mr. Ford has not argued that this presumption of innocence, reasonable doubt instruction, was legally invalid. No, that's not the point. I think the question is how much can we rely on the instruction to correct the questionable statements that the prosecutor made. I think it's fair to rely on this to make the contours of what the jury – the burdens are here clearer to the jury. And this kind of speaks to the question asked earlier about whether or not this is structural error. The Supreme Court has said that it isn't and that it is possible for there to be absolutely no presumption of innocence instruction and for there still to not be a constitutional problem. And that's in contempt of the jurors' discretion. But that's different than if you accept their position, the plaintiff's position or the defendant's position in this case. That's different than what happened here because it wouldn't just be a no instruction and we're silent on it. It would be presumption of innocence is over. Well, again, I think that the State Court was not unreasonable in finding that the jury went into the jury room with a proper understanding of its role and a proper understanding of the burden of proof the prosecution faced and the presumption of innocence. I'm not sure the Court of Appeals held exactly that. The Court of Appeals did not say the jury went in with a proper understanding. No, but it concluded there was no constitutional violation. No, where did it conclude that? I view the Court of Appeals as saying we need not decide because if error, it was harmless. So the Court of Appeals runs through the different cases out of the State Courts. It discusses cases like Goldberg and Booker on the merits. It ultimately says that it believes the facts of this case are most akin to Booker, that it was not persuaded Booker was wrong. Let me read to you from page 14. It's ER 33. The Court of Appeals writes, we need not resolve any conflict between the Goldberg, Booker, and Pinnock cases on the one hand and Dowdell on the other because we conclude any assumed error is harmless. That is to say they don't reach the question. They avoid the question as to whether or not there was a constitutional error because they say in any event, in our view, it's harmless. So I cannot read the Court of Appeals as having concluded there was no constitutional error. The Court of Appeals says we don't need to decide it because on the assumption there was, the error was harmless. That's the meaning of the sentence, at least to me, that I just read to you. But the sentence before it, though, does say that Ford does not discuss Goldberg and does not persuade us Booker is distinguishable or wrongly decided. And while the Court of Appeals Yes, and then it goes immediately to the next sentence is, and we need not decide the question. The Court of Appeals certainly could have been clearer on its ruling, but I do think It was very clear that it need not reach the question and that it didn't. I still think that a fair reading of this, Your Honor, I see that I'm That's okay. No, keep going, keep going. This is a hard and important question here. I still think that it's a fair reading of this decision that the court did reach and decide whether or not there was a constitutional error. You know, how can you say that when you say the court, when the court writes we need not resolve any conflict because we conclude any assumed error is harmless. Again, I think that the discussion prior to it I read the entire discussion before and this is the summary. This is after that discussion. My answer, you know, again, is I think that the discussion and the detailed discussion of the California cases and its conclusion Well, if the Court of Appeals says this was not error, I disagree and I think it was an unreasonable conclusion. The hard question for me is harmlessness. Well, again, given that the jury got the proper instructions these are a few straight lines. I think the jury walked into that room understanding how this all worked. What instruction are you now referring to? The reasonable doubt and presumption of innocence instruction, which no one has contended. The one I read aloud? Yes, Your Honor. Which doesn't say anything about, well, and it lasts until you make your final decision. It doesn't say that at all. It just doesn't say it one way or the other. But it does say it lasts until reasonable doubt is overcome. No, it doesn't quite say that. It says it requires the people prove a defendant I'll read it again. A defendant in a criminal case is presumed to be innocent, period. This presumption requires that the people prove a defendant guilty beyond a reasonable doubt. We're not talking, this does not talk timeline. Well, I agree with that, but anyway, we'll have some fun with this. Any further questions from the court, since I am out of time? I think not. Thank you for your help. Thank you. First of all, the case Would you give us two minutes on the clock, please? Okay. The cases that discuss it being the equivalent of an instruction are on page 11 of the supplemental reply brief. I want to address the harmless error issue. This is a case where, because of the nature of the error, it really You can't tell what the effect on the jury's decision-making was. It's a general's It should be structural error, but it has not yet been held that. But what that means to me is that the presumption is that if you tell the jury that there's no presumption of innocence, that it's harmful error. Because, you know, I can tell you that sometimes the presumption of innocence is the only thing standing between a defendant and an improper conviction. Because it focuses the jury's attention on the need to prove the case beyond a reasonable doubt. Otherwise, he's presumed innocent. The instruction never told them that it continues into deliberations. You have to view the instructions as a whole. And what the jury heard was the judge first saying that they have to prove beyond a reasonable doubt he's presumed innocent. And then they heard the judge say that it was correct that the presumption of innocence is over. Putting the two together, you know, the jury was properly instructed initially. But the second part of it, what the judge said, was improper. The prosecutor argued that he's proved his cases. Every prosecutor does. But if you look at the page citations, they're way in the beginning, in the middle of his argument. This was the rebuttal argument. And it was the rebuttal. The jury was told improperly there was no more presumption of innocence within minutes of them retiring to deliberate. And that's harmful. Well, but in a way, that supports the reading that he's saying that the presumption of innocence is over because you've heard all the evidence and have proven beyond a reasonable doubt. Actually, it doesn't, with all due respect, Your Honor. What it tells the jury that he's not presumed innocent anymore, the jury is instructed they're not supposed to deliberate before they get into the jury room. So that means they're told that he's not presumed innocent before they deliberate, which means that the presumption is gone. And that's not proper because its starting point is presumed innocent until proven guilty beyond a reasonable doubt. We should judge these cases based upon what the prosecutor actually said, not what he actually meant. And this was done right before they deliberated. Okay. Got it. I think both sides, a hard case. Ford v. Peary, submitted for decision.
judges: W. Fletcher, R. Nelson, Molloy